NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUD M. THOMAS, JR.,<br><br>　　　Plaintiff,<br><br>　vs.<br><br>PRISON HEALTH SERVICES, et al.,<br><br>　　　Defendants. | No. C 10-04166 JF (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

Plaintiff, an inmate currently incarcerated at the Santa Rita Jail in Dublin, California, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against jail officials for constitutionally deficient medical care. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

## DISCUSSION

**A.**　**Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

Order of Service; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.10\Thomas04166_svc.wpd

1

1  any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a
2  claim upon which relief may be granted or seek monetary relief from a defendant who is
3  immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be
4  liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
5  1988).

6        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
7  elements: (1) that a right secured by the Constitution or laws of the United States was
8  violated, and (2) that the alleged violation was committed by a person acting under the
9  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

10 **B.     Plaintiff's Claims**

11       Plaintiff alleges that Santa Rita Jail officials have failed to provide him with
12 adequate medical care for his chronic medical condition, including back pains.  (Comp. at
13 3.)  Plaintiff alleges that he was told to stop turning in medical request forms as they
14 would be thrown away.  (Id. at Attach. 2.)  Liberally construed, his claims are cognizable
15 under § 1983 as violations of the Eighth Amendment by defendants' alleged deliberate
16 indifference to serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976.

17

18                           **CONCLUSION**

19       For the reasons stated above, the Court orders as follows:

20       1.     The Clerk of the Court shall issue summons and the United States Marshal
21 shall serve, without prepayment of fees, a copy of the complaint in this matter, all
22 attachments thereto, and a copy of this order upon **Defendants Dr. Harold Orr, Mechell**
23 **J. Verselles of Prison Health Services** at the **Santa Rita Jail**.  The Clerk shall also mail
24 courtesy copies of the Complaint and this order to the California Attorney General's
25 Office.

26       2.     No later than **sixty (60) days** from the date of this order, Defendants shall
27 file a motion for summary judgment or other dispositive motion with respect to the claims
28 in the complaint found to be cognizable above, or, within such time, notify the Court that

Defendants are of the opinion that this case cannot be resolved by such a motion.

      a.    If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert.</u> <u>denied</u> <u>Alameida v. Terhune</u>, 540 U.S. 810 (2003).

      b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

3.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

      a.    In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

      b.    In the event Defendants file a motion for summary judgment, the

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

Ninth Circuit has held that the following notice should be given to Plaintiff:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    4.    Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

    5.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    6.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

1  |  7.  Discovery may be taken in accordance with the Federal Rules of Civil
2  |  Procedure. No further Court order is required before the parties may conduct discovery.
3  |  8.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the
4  |  Court informed of any change of address and must comply with the Court's orders in a
5  |  timely fashion. Failure to do so may result in the dismissal of this action for failure to
6  |  prosecute pursuant to Federal Rule of Civil Procedure 41(b).
7  |  IT IS SO ORDERED.
8  |  DATED: 2/22/11
9  |  JEREMY FOGEL
   |  United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CLAUD M. THOMAS, JR,

       Plaintiff,

  v.

PRISON HEALTH SERVICES, et al.,

       Defendants.
                                            /

Case Number: CV10-04166 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 2/23/11, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Claud M. Thomas AQI-083
Santa Rita Jail
5325 Broder Blvd
Dublin, CA 94568

Dated: 2/23/11

                                      Richard W. Wieking, Clerk